FILED

**June 9, 2023**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 21-0806 – *State of West Virginia v. Henry Jo Ward*

Justice Hutchison, concurring, in part, and dissenting, in part, joined by Justice Wooton:

I concur with the majority opinion's conclusion that the State overcharged petitioner Henry Jo Ward and, in so doing, committed several double jeopardy violations. By piling on the charges, the State created a Russian nesting doll of charges that all relied upon the same evidence and the same act. Brandishing a firearm is a lesser included offense of wanton endangerment with a firearm, and wanton engagement with a firearm is a lesser offense of malicious assault on a law enforcement officer. The State could only obtain a conviction for one of these offenses, not all three simultaneously for the same act with the same proof. On this point, I concur.

I dissent, however, to the majority opinion's assessment regarding petitioner's conviction for malicious wounding of a law-enforcement officer. Foremost in my concerns is the evidence of whether Deputy Coty Pierson was "acting in his or her official capacity" as a law enforcement officer when petitioner attempted to harm him. The statute establishing the crime of malicious assault on a law enforcement officer requires, twice, proof a victim is acting in his or her capacity as a law enforcement officer when they are assaulted. Overall, the statute (West Virginia Code § 61-2-10b(b) (2017))[1] requires proof a defendant committed the following five acts:

---

[1] The statute provides, in full:

1

1. Shooting, stabbing, cutting, wounding, or by any means causing bodily injury;

2. to a "law-enforcement officer acting in his or her official capacity;"

3. with malice;

4. with intent to maim, disfigure, disable, or kill; and

5. knowing or having reason to know "that the victim is acting in his or her official capacity[.]"

Notice that the statute *does not* say proof the victim is a law-enforcement officer is enough; it says the victim has to be a law-enforcement officer AND "acting in his or her official capacity" at the time the shooting, stabbing, cutting, wounding, or other bodily injury is committed. And it says that twice: the officer has to be acting in an official capacity, and the defendant has to know or have reason to know the officer is acting in an official capacity. Most importantly, the State must affirmatively prove these two facts; they cannot be presumed or ignored.

The evidence to prove petitioner committed malicious assault on a law enforcement officer in violation of West Virginia Code § 61-2-10b(b) was woefully lacking

(b) *Malicious assault*. -- Any person who maliciously shoots, stabs, cuts or wounds or by any means causes bodily injury with intent to maim, disfigure, disable or kill a government representative, health care worker, utility worker, emergency service personnel, correctional employee or law-enforcement officer acting in his or her official capacity, and the person committing the malicious assault knows or has reason to know that the victim is acting in his or her official capacity is guilty of a felony and, upon conviction thereof, shall be confined in a correctional facility for not less than three nor more than fifteen years.

2

in this case. The evidence at trial showed that Jeffrey Barnhouse's trail camera got stolen, and Barnhouse called his cousin, Deputy Pierson. The deputy and Barnhouse suspected petitioner and marched off to accost petitioner at petitioner's trailer. Deputy Pierson was not in uniform, he did not have a badge or a gun or handcuffs, and he did not have a radio. He was off duty, maybe for as long as six weeks. When petitioner saw Deputy Pierson, he turned to walk back into his trailer, whereupon the deputy tackled him and pinned him to the ground.[2] After petitioner promised to "chill out," the deputy allowed petitioner to stand up and go to his truck for a cigarette. In those moments, petitioner pulled out a pistol. Deputy Pierson tackled petitioner again, the gun discharged, and petitioner was subsequently charged with malicious assault on a law-enforcement officer.

Three of the elements the prosecution was required to establish beyond a reasonable doubt were that Deputy Pierson (1) was a law-enforcement officer; (2) that he was "acting in his . . . official capacity;" and (3) that petitioner *knew* Deputy Pierson was "acting in his . . . official capacity." Petitioner's counsel attempted to ask questions at trial about Deputy Pierson's work status at the time of the crime, but the circuit court intervened and refused to allow any questions. Essentially, the circuit court *presumed* that Deputy Pierson was an active law-enforcement officer at the time of the crime and prevented petitioner's counsel from challenging that presumption.

---

[2] In most contexts, a man in civilian clothes tackling another person, pinning them to the ground, and refusing to allow the person into their home, would qualify as some form of assault, battery, and/or kidnapping.

Problematically, the majority opinion approves of the circuit court's presumption, and it cites authority for the proposition that an off-duty municipal police officer is "under a duty to act in their lawful and official capacity twenty-four hours a day." Syl. pt. 5, in part, *State v. Phillips*, 205 W. Va. 673, 520 S.E.2d 670 (1999). The majority opinion then presumes that Deputy Pierson was acting in his official capacity investigating a theft, and it gives its blessing to the circuit court's presumption of the same.

In the context of a criminal trial, it is a fundamental, constitutional rule of due process that a jury cannot be instructed to presume the existence of a critical fact. The State is required to carry the burden of proving, beyond a reasonable doubt, every material element of the crime with which a defendant is charged. As we once said,

> In a criminal prosecution, the State is required to prove beyond a reasonable doubt every material element of the crime with which the defendant is charged, and *it is error for the court to instruct the jury in such a manner as to require it to accept a presumption as proof beyond a reasonable doubt of any material element of the crime* with which the defendant is charged or as requiring the defendant either to introduce evidence to rebut the presumption or to carry the burden of proving the contrary.

Syl. Pt. 4, *State v. Pendry*, 159 W. Va. 738, 227 S.E.2d 210 (1976) (emphasis added), overruled on other grounds by *Jones v. Warden, W. Va. Penitentiary*, 161 W. Va. 168, 241 S.E.2d 914 (1978). Stated simply, the Due Process Clause of the Fourteenth Amendment requires "proof beyond a reasonable doubt of every fact necessary to constitute the crime with which [the accused] is charged," and "[t]his bedrock, axiomatic and elementary constitutional principle prohibits the State from using evidentiary presumptions in a jury

4

charge that have the effect of relieving the State of its burden of persuasion beyond a reasonable doubt of every essential element of a crime." *Francis v. Franklin*, 471 U.S. 307, 313 (1985) (cleaned up). Hence, a jury cannot presume that a law-enforcement officer was acting in an official capacity, or that a defendant knew or should have known the officer was acting in an official capacity. Those facts must be established affirmatively by the State using admissible evidence. Instead, both the circuit court and the majority opinion improperly ignored the State's burden of proof and allowed a critical element of proof to be established by a presumption.

Moreover, as a factual matter, the record itself does not necessarily show the deputy was acting as a law enforcement officer, but rather as one man helping his cousin to retrieve personal property the cousin thought was stolen. In Syllabus Point 6 of *Phillips*, we said that a municipal police officer is considered to be a police officer "unless it is clear from the nature of the officer's activities that he or she is acting in an exclusively private capacity or engaging in his or her private business." *Id.* at 676, 520 S.E.2d at 673. The circuit court prohibited petitioner's counsel from asking questions so that the jury could fairly assess whether Deputy Pierson was acting in a private capacity or was following his own business chasing his cousin's trail camera. At a minimum, the jury should have been given the guidance contained above in Syllabus Point 6 of *Phillips* so they could weigh whether the officer was on official business.

I also question the majority opinion's conclusion that a few scratches or metal shavings on Deputy Pierson's hand fit the same categories as a shooting, stabbing,

cutting, wounding, or other bodily injury. While a few scratches might fit the letter of the statute as a bodily injury, it certainly doesn't meet the spirit as the conduct did not maim, disfigure, disable, or kill the officer. A malicious wounding statute is designed to punish offenders who cause a serious wound, not a scratch or splinter that can be passed-off as a "close call" or an "almost wound." The majority opinion makes much hay of the fact that Deputy Pierson went to a medical center and had x-rays taken of his hand. But the medical professionals gave him no treatment, bandages, or other care aside from a recommendation he brush them off and wash his hand. While normally I prefer to defer to the judgment and wisdom of a jury, on this record I believe that an error has occurred. In part, I dissent because of the paucity of evidence of an injury. I am also concerned because the State overcharged petitioner with the Russian-doll flood of intertwined charges, charges that reinforced the jury's perception that petitioner was a "bad actor," and which likely impelled the jury toward a conviction regardless of how inconsequential the deputy's injuries really were.

In sum, I agree petitioner is entitled to be resentenced because of the numerous violations of double jeopardy principles. However, I dissent because I do not believe the State fairly established that petitioner committed the offense of malicious wounding of a law-enforcement officer.

I am authorized to state that Justice Wooton joins in this separate opinion.